Larch *v.* Goodacre.

No. 14,643.

## LARCH *v.* GOODACRE.

WITNESS.—*Decedents' Estates.*—*Action by Creditor.*—*Section 499, R. S. 1881.*—*Widow an "Heir" Under.*—In an action by the creditor of a decedent to compel the widow to account for the value of the personal property of such decedent taken and converted by her after his death, and to compel the application of the proceeds to the payment of the plaintiff's debt, the widow is an "heir" under section 499, R. S. 1881, and the plaintiff is not a competent witness to testify as to any matter which occurred prior to the death of the ancestor.

SAME.—*Administratrix de son tort.*—*Allegation of Complaint as to.*—*Competency of Plaintiff as Witness not Affected Thereby.*—Allegations in the complaint making the widow liable as an administratrix *de son tort* did not change the action so as to make the plaintiff competent to testify as a witness.

From the Warren Circuit Court.

*W. P. Rhodes,* for appellant.

*J. W. Sutton* and *W. L. Rabourn,* for appellee.

OLDS, C. J.—This is an action brought by the appellant against the appellee under section 2258, R. S. 1881, charging the appellee, she being the widow of Chester Anderson, deceased, with taking possession of the personal property of said deceased after his death and converting the same to her own use, alleging that said Anderson died intestate, and that no administrator of his estate had been appointed, the appellant alleging as a reason giving him the right to maintain said action, that he was a creditor of the decedent on account of the appellant having erected a fence, which afterwards became a partition fence between the lands of appellant and the decedent, whereby the decedent became liable to pay appellant for the value of one-half of the same by virtue of section 4853, R. S. 1881.

Issues were joined on the complaint, and a trial had before a jury, and a special verdict returned, and judgment rendered upon the same for the appellee. Appellant filed a motion for a new trial.

Several questions are reserved, but none of them discussed except the ruling of the court in refusing to allow the appellant to testify as a witness in his own behalf.

The court refused to allow the appellant to testify as a witness in his own behalf, upon the theory that he was disqualified, and not a competent witness under section 499, R. S. 1881, which provides: " In all suits by or against heirs or devisees, founded on a contract with or demand against the ancestor, to obtain title to or possession of property, real or personal, of, or in right of, such ancestor, or to affect the same in any manner, neither party to such suit shall be a competent witness as to any matter which occurred prior to the death of the ancestor."

This is a case that comes clearly within the spirit if not the letter of the statute. *Hudson* v. *Houser*, 123 Ind. 309 (313).

The widow must undoubtedly be regarded as an heir under this section, and it is as applicable to the widow as it would be to the child of a decedent. *Glass* v. *Davis*, 118 593. The action is founded upon a demand against the ancestor, and the action relates to the property of the ancestor. The appellant seeks to require the widow to account for the value of property of the ancestor taken by her after his death, and compel the application of the proceeds to the payment of a debt alleged to be due from the ancestor.

One element which creates the right of action, if it exists, is the fact that the decedent had title to the property at the time of his death. The appellant has the right to maintain the action, if at all, on account of being a creditor of the estate of the decedent.

The action then is an action by a creditor of the decedent against the widow, the heir of the decedent, to compel an accounting by her for property owned by the decedent at the time of his death, and taken and converted by her. The appellant can not require an accounting of the heir unless he

establish the fact that he is a creditor of the estate. If the appellant was presenting his claim against the estate for allowance, he would be an incompetent witness, while it can not be said that because he would be incompetent as a witness against the administrator in making proof of his claim, he is necessarily an incompetent witness in this case; yet it does show a reason for construing section 499, *supra*, so as to exclude him as a witness, for why allow him to establish his claim as a creditor in this case, and compel an accounting by the heir, unless his claim be established by such evidence as would authorize an allowance of the claim against the estate of the decedent?

There is no reason why the widow should be disturbed and made to account by the appellant unless he made proof showing that he had a right to recover from the estate of the decedent.

The action is against an heir of the decedent; it is founded upon a demand against the decedent, and it relates to the personal property belonging to the estate, to compel the proceeds of such property to be applied to the payment of the appellant's debt, as it is alleged in the complaint that all other debts of the decedent have been paid by the appellee. If no legal debts existed the widow had a right to all, or at least an interest in, the property or the proceeds as the heir of her husband. She is an heir, and was sued, and the allegations in the complaint making her liable as an administratrix *de son tort* did not change the action so as to make the appellant competent to testify as a witness.

It is the status of the parties that renders them incompetent as witnesses, and this can not be changed by averments in the complaint. It is the object of the statute that in an action, the purpose of which is to take from the heirs the property of the ancestor by reason of a liability existing against the ancestor, such right shall be established by evidence other than the testimony of the claimant in regard to matters occurring in the lifetime of the deceased; death

having sealed the lips of one, the law seals the lips of the other.

We think it was properly ruled that the appellant was not a competent witness to testify as to any matter which occurred prior to the death of the ancestor.

There is no error in the record.

Judgment affirmed, with costs.

Filed Dec. 9, 1890.