## CLARK FAIRFIELD, Appellee, v. J. W. PHILLIPS, Appellant.

**Partnership**: FIRM PROPERTY: CONVERSION: EVIDENCE. Where certain shares of corporate stock were transferred in equal quantities to each of the members of a firm, but payment therefor was made with bonds

owned by the firm, the negotiations therefor concurred in by both parties, the expense of acquiring it borne by the parties equally, and the purchase was at the time and afterwards recognized as a partnership transaction, *held*, that the stock must be regarded as partnership property, and that one of the partners having traded the shares transferred in his name for certain real estate, and converted the same to his own use, he was liable to his copartner for one-half the value thereof, as well as of the rents and profits.

*Appeal from Butler District Court.*—HON. J. C. SHERWIN, Judge.

WEDNESDAY, OCTOBER 21, 1891.

ACTION in chancery to settle certain copartnerships existing between the parties under three separate contracts,—one for the transaction of a general retail lumber, grain, coal and produce business; another for the transaction of a banking business; and the third for the purchase of mining stock. The business under the first two contracts was settled by the parties before trial, leaving the case depending for trial as to the third contract. A decree was entered for the plaintiff. The defendant appeals.—*Affirmed.*

*Hemenway & Grundy* and *Boies, Husted & Boies,* for appellant.

*Gibson & Dawson,* for appellee.

BECK, C. J.—I. The parties, as a copartnership, bought certain mining stock, which was transferred in equal quantities to each separately. The stock in the name of the defendant he transferred, receiving therefor, after two or three transactions to secure payment, a farm, which was conveyed to him individually. He subsequently executed a mortgage upon the farm to secure an indebtedness of his own. The plaintiff insists that the mining stock was partnership property, and that, as the defendant had sold it, and appropriated to

his own use the proceeds of the sale, he is liable to the plaintiff for half the value of the farm. The defendant maintains that the purchase of the stock was not a. partnership transaction, but was made upon the separate individual accounts of the parties.

II. The only question in the case is this: Was the stock partnership property? We are of the opinion that the evidence clearly establishes that it was. The following, among other facts, support our conclusion: The stock was purchased with partnership bonds, and the expense of acquiring it was borne by the parties equally. The negotiations were conducted or concurred in by both of the parties, and the purchase was at the time and afterwards recognized as a partnership transaction; indeed, it never seems to have been represented by the defendant as an individual transaction until after the suit was commenced. The certificates of stock of both parties were held by the defendant, who seems to have been the custodian of the bonds and papers of the firm. Other facts pointing to the same conclusion could be mentioned, but the foregoing are sufficient to uphold our conclusion. The stock was transferred to the parties individually, in equal quantities, in order to entitle the plaintiff to become a stockholder, as at the time that was thought necessary. It was not so transferred for the reason that it was separately owned by the parties. There was no claim or understanding at the time that it was so owned. The defendant, by taking the title of the farm in his own name, and incumbering it on his own account for a large part of its value, appropriated it to his own use, and is liable to the plaintiff for one-half of its value and one-half of the rents and profits received therefrom, after deducting disbursements for expenses connected with the farm and improvements made thereon. The decree of the district court is to this effect. It is, therefore, AFFIRMED.