STAATS v. STAATS (STAATS et al., Interveners).
(No. 4052.)

No. 4052.  Decided April 21, 1924.  Rehearing Denied May 29, 1924.
(226 Pac. 677.)

1. EXCEPTIONS, BILL OF—WHERE CASE TRIED TO COURT, BILL OF EXCEPTIONS MUST BE SERVED WITHIN 30 DAYS OF NOTICE OF DECISION. Though, under Comp. Laws 1917, § 6969, proposed bill of exceptions must be served within 30 days of entry of judgment, if case is tried to jury, bill must be served within 30 days of notice of decision, where case is tried to court.

2. APPEAL AND ERROR—EVIDENCE—TIME OF SERVICE OF ENTRY OF JUDGMENT NOT JUDICIALLY NOTICED BY SUPREME COURT, SERVICE OF PROPOSED BILL OF EXCEPTIONS WITHIN PROPER TIME PRESUMED. Where plaintiff as prevailing party has option of serving notice of entry of judgment, at any time in order to set in motion 30 days within which defendant is required to serve proposed bill of exceptions, under Comp. Laws 1917, § 6969, Supreme Court cannot take judicial notice of time when notice was served, and in absence of anything to contrary, must assume that in granting extension of time to serve proposed bill and in serving it trial court and defendant acted lawfully and within proper time.

3. APPEAL AND ERROR—ALLEGATION THAT FINDING OF FACT CONTRARY TO EVIDENCE AND INCONSISTENT HELD NOT PROPER ASSIGNMENT OF ERROR. Assigning error to court's finding of fact by setting out finding in hæc verba, alleging that it is contrary to evidence and inconsistent, is not a proper assignment of error, under Supreme Court rule 26, and will not be considered.

4.  DESCENT AND DISTRIBUTION—WIDOW, ELECTING TO TAKE STATU-
    TORY ONE-THIRD INTEREST, TAKES IN OWN RIGHT AND NOT AS
    HEIR.  Widow, electing to take her statutory one-third interest
    in husband's realty, takes not as heir but in her own right.[1]

5.  WITNESSES—TESTIMONY OF TESTATOR'S CHILDREN HELD COMPE-
    TENT IN ACTION BY TESTATOR'S SON AS SURVIVING PARTNER
    AGAINST WIDOW AND OTHER CHILDREN.  In action by testator's
    son as surviving partner against testator's widow, who claimed
    statutory one-third interest, in which other children intervened,
    testimony of plaintiff and other children as to transactions in-
    volved *held* competent, as controversy being solely between
    heirs as to their respective rights, and no attack being made
    on estate, Comp. Laws 1917, § 7123, relating to transactions
    with deceased person, is not applicable.[2]

6.  PARTNERSHIP—WIDOW OF DECEASED PARTNER HELD ENTITLED TO
    ONE-SIXTH INTEREST IN PARTNERSHIP REALTY.  Where realty left
    by testator was found to be partnership property, and testator's
    son was surviving partner, and entitled to one-half interest,
    testator's widow was entitled to one-sixth interest therein.

7.  PARTNERSHIP—PROPERTY BOUGHT WITH PARTNERSHIP FUNDS
    PRIMA FACIE PROPERTY OF FIRM.  Realty bought with partner-
    ship funds is prima facie property of firm, though title is taken
    in individual name of one or more of partners.

Appeal from District Court, Third District, Salt Lake
County; *G. A. Iverson*, Judge.

Action by Fred Staats against Grace Staats, in which Harry
Staats and others intervene.  Judgment for plaintiff, and
defendant appeals.

AFFIRMED.

*R. L. Judd*, of Salt Lake City, for appellant.

*Walton & Walton*, of Salt Lake City, for respondent.

---

[1] *In re Bullen's Estate*, 47 Utah, 96, 151 Pac. 533, L. R. A. 1916C,
670; *In re Kohn's Estate*, 56 Utah, 17, 189 Pac. 409.

[2] *Miller* v. *Livingston*, 31 Utah, 415, 88 Pac. 338.

FRICK, J.

The plaintiff brought this action in the district court of Salt Lake county as the alleged surviving partner of one Charles B. Staats, who died, leaving surviving him the plaintiff and several other children as his heirs at law; and he also left surviving him Grace Staats, the defendant, as his widow. The deceased left considerable property, consisting of improved real estate, in all of which the plaintiff claimed an interest either as surviving partner of the deceased or as tenant in common. The deceased died testate, leaving a will, but the defendant, his widow, elected not to take under the will, but insisted on being awarded her statutory interest in her husband's real estate.

This action was instituted by the plaintiff against the defendant to determine his rights in and to the aforesaid real estate and for an accounting, etc. The defendant had been appointed administratrix with the will annexed of the deceased, and was acting as such when this action was commenced. She filed an answer to the complaint in which she denied that the real estate described in plaintiff's complaint was partnership property. She also denied that plaintiff held an interest as tenant in common, and averred that the same was the sole property of the deceased. In a counterclaim she also alleged that the real estate and improvements thereon was the property of the deceased, and that she was entitled to one-third in value thereof as the surviving widow.

Subsequently the other children of the deceased intervened in the action claiming certain rights in and to said property. In view of the conclusion reached, however, it is not necessary to set forth the claims of the interveners, and neither they nor their claims will be referred to further herein.

The evidence was submitted to a jury who returned certain answers to specific questions propounded to it as advisory to the court. The court subsequently refused to adopt all of the findings of the jury, but made and filed complete findings of fact and conclusions of law. The court in effect found that a part of the real estate with the improvements thereon con-

stituted partnership property, and that other portions of the real estate were owned as tenants in common by the deceased and the plaintiff. In the conclusions of law the court found that, in view that the deceased only owned a one-half interest in the real estate, therefore the defendant, as his widow, was entitled to a one-third interest of said one-half and no more. In other words, the court held that she was entitled to a one-sixth interest in said real estate, and in connection therewith to one-sixth of the rents, issues, and profits. Judgment was entered accordingly, from which the defendant appeals.

Two preliminary questions arise which must be determined before proceeding to the merits of the appeal. The plaintiff has filed a motion to dismiss the appeal; and, in the event that that motion fails, he also has filed a motion to strike the bill of exceptions.

The motion to dismiss the appeal is based upon the alleged ground that the defendant has availed herself of the benefits of the judgment, and hence is estopped from assailing its correctness on appeal. It must suffice to say that we have carefully examined into the record, and, after doing so, are convinced that the contention is untenable. The motion to dismiss is therefore denied.

The motion to strike the bill of exceptions is based upon the ground that the same was not served by the defendant within the time required by the statute. The case, as before stated, was tried to the court, and its findings of fact, conclusions of law and judgment were filed on the 14th day of March, 1923. The bill of exceptions was not served for several months thereafter, but it is made to appear from the bill of exceptions that on the 14th day of April, 1923, the defendant obtained an extension of time within which to propose and serve a bill of exceptions. Plaintiff contends that pursuant to the statute, Comp. Laws Utah 1917, § 6969, a proposed bill of exceptions must be served on the adverse party within 30 days after the entry of judgment, or if that is not done, an extension of time to do so must be obtained within that time, and that, in view that the extension of time was not obtained within 30 days from the entry of judgment,

therefore, under the repeated decisions of this court, the proposed bill of exceptions was not served in time, and hence the district court was powerless to settle and allow the same. It is true that pursuant to the provisions of section 6969, if a case is tried to a jury, the proposed bill of exceptions must be served within 30 days after the entry of judgment, but such is not the case where, as here, the case was tried to the court. In such event the statute requires that the proposed bill of exceptions be served within 30 days after the service of notice of the decision. From the transcript it is made to appear that notice of the decision was served by the plaintiff on defendant's counsel on the 16th day of March, 1923, and hence the order of the court extending the time, which was made on the 14th day of April following, was within 30 days after notice of decision, and hence was within time. Plaintiff, however, insists that, inasmuch as the notice of entry of judgment is not made a part of the bill of exceptions, we cannot consider it for any purpose. Plaintiff's contention in that regard is well taken, as has been frequently held by this court. It, however, does not follow from that that plaintiff's contention is also sound that the proposed bill of exceptions was not served within the time required by the statute. The statute fixes the time as 30 days after notice of entry of judgment is served. In view that plaintiff was satisfied with the judgment the duty devolved upon him to serve the notice of entry of judgment in order to set in motion the thirty days time within which the defendant was required to serve her proposed bill of exceptions or to obtain an order from the district court extending the time within which to do so. In view that plaintiff had the option of serving such a notice at any time he chose, we cannot take judicial notice of the time or date when such notice was served. In the absence of anything to the contrary, we must assume that the defendant and the court acted lawfully and within proper time. The question is not one affecting the jurisdiction of this court which must appear from the record, but it is one affecting the jurisdiction of the district court which depended upon plaintiff's own act of serving

notice, and hence we must assume that the district
court acted within its jurisdiction. The motion to
strike the bill of exceptions must therefore also be denied.

In leaving this subject the writer feels constrained to add
that it seems somewhat incongruous on the part of plaintiff's
counsel that they should attempt to take advantage of an
alleged jurisdictional defect which they knew depended upon
their own act, and which act they knew was not taken in time
to deprive the district court of jurisdiction to settle and allow
the bill of exceptions. The motion to strike the bill of ex-
ceptions was at most based upon a pure technicality, but in
view of the facts as they were known to the parties and to
the district court, a technicality which had no foundation
in fact. I cannot refrain from suggesting that such strategy
is hardly fair in a court of justice. This brings us to the
merits of the appeal.

In her assignments of error the defendant has assigned
126 specific errors. It is needless to say that no court worthy
of the name would commit that number of errors in a case of
this character, however careless. A careful examination of
the record of the proceedings, the findings of fact, conclusions
of law, and the decree entered by the district court compels
the statement that the court exercised great, and, in many in-
stances, meticulous, care to preserve and to adjust the rights
of all concerned in matters that were, to say the least, left
more or less obscure by reason of the length of time during
which the transactions occurred and the relationship of the
parties during all of that time. The case is of such a nature,
and the record is likewise such, that, if we undertook to spe-
cifically consider even the errors that have any semblance of
merit, we would be required to write an opinion the length
of which would be almost without limit. Then again, if we
attempted to analyze the evidence or undertake to set forth
our reasons in detail why the alleged errors are untenable, we
would be required to write an opinion comprising a whole
volume. Moreover, no good purpose whatever could be sub-
served in doing so. In fact there is but little that we could
say in this case that would be of service either to the bench

or bar or to either of the parties, and hence we shall state our conclusions as briefly as possible.

The court's findings of fact are assailed. The findings are very long and consist of many paragraphs. In the assignments each finding is assailed in practically the same language; namely, "the court erred in the first finding of fact wherein it found. * * *" The finding is then sent forth, in hæc verba, and the assignment continues, "that said finding is contrary to and opposed by the evidence adduced at the trial of said cause, and is entirely inconsistent." While not every assignment is couched in the same words, it is precisely to the same effect. It has so often been held by this court that to assail a finding in that way is in the teeth of rule 26 of this court, and really amounts to no assignment of error, and will not be considered by this court; that it is no longer necessary to refer to the many decisions of this court to that effect. We shall therefore not consider the assignments relating to the findings of fact, except such concerning which it is insisted that there is no evidence whatever in their support.

To that class belongs the assignment that there is no evidence with respect to the finding that the plaintiff and the deceased were partners. This assignment, however, is based upon the fact that it is asserted that the plaintiff and his brothers and sisters, under our statute (Comp. Laws Utah 1917, § 7123), were incompetent as witnesses to testify respecting the transactions involved in this action. In order to answer the foregoing contention correctly we must first determine the relationship of the several parties to this action, and in what capacity they are here claiming.

This is not an assault upon the estate of the deceased, but is purely a controversy between the children, who, as a matter of course, are the heirs of the deceased, and, in this instance, also his devisees, and the defendant, who is the widow of the deceased, and who refuses to abide by the provisions made for her in her husband's will. Regardless of the nature of the claims of the plaintiff and his brothers and sisters, the

defendant's claim is, and of necessity must be, based upon her relationship as widow. Her counsel contend that she is an heir of her husband, and is entitled to take her interest as such heir. They therefore insist that she is protected by the provisions of section 7123, supra, and hence the brothers and sisters, including the plaintiff, were incompetent to testify to the transactions involved in this proceeding. Counsel have cited some authorities to the effect that a widow of a deceased husband takes her dower interest as an heir, and that she is protected under the statute aforesaid. See *Larch* v. *Goodacre*, 126 Ind. 224, 26 N. E. 49. This court is, however, committed to a contrary doctrine, in that we have held that under our statute the widow of a deceased husband does not take as an heir. *In re Bullen's Estate*, 47 Utah, 96, 151 Pac. 533, L. R. A. 1916C, 670. It is held that a widow takes her one-third interest in her husband's real estate not as an heir, but in her own right. That case was subsequently approved and followed in *Re Kohn's Estate*, 56 Utah, 17, 189 Pac. 409. Moreover, it is generally held that, where a widow, as under our statute, claims in her own right, provisions like those in section 7123, supra, have no application. The law, as it is stated in 40 Cyc. 2306, is to the effect that such statutes do not apply "in favor of a widow claiming in her own right as such." That is precisely what the defendant is doing here. Indeed, that can be the only basis of her claim since she refused to take under her husband's will but elected to insist upon her statutory interest of one-third, which, under our statute, she takes in fee simple discharged from her husband's debts. In view, therefore, that she is here claiming in her own right, the other heirs are competent witnesses. What interest disqualifies, and under what circumstances the statute applies are, as matter of course, always interesting questions. That the statute has no application where the controversy arises between or among the heirs and merely involves questions relating to their respective rights as such, and, where there is no assault upon the estate, is directly considered by this court in *Miller* v. *Livingstone*,

31 Utah, 415, 88 Pac. 338. The rule is there stated by Mr.
Justice Straup in the following words:

"The statute in this regard is intended to protect the estates
of deceased persons from assaults, 'and relates to proceedings
wherein the decision sought by. the party so testifying would tend
to reduce or impair the estate, and does not relate to the relative
rights of the heirs or devisees as to the distribution of an estate
in a proceeding by which the estate itself is in no event to be re-
duced or impaired.' "

A large number of cases supporting the text are there col-
lated.

The evidence is ample to sustain the court's finding that the
plaintiff is the surviving partner of the deceased; that he
and his father owned some of the real estate in question as
partners, and, as to the remainder, that they owned it as ten-
ants in common.

The court's conclusion of law, which is also assailed, that
the defendant is entitled to a one-sixth interest in the
real estate in question instead of one-third as claimed
by her is also correct, and hence this assignment must
fail.

Nor is there any merit to the contention that under the
law. the real estate in question should not be considered as
partnership property. That question is likewise settled in
this jurisdiction in the case of *Deming* v. *Moss*, 40 Utah, 501,
121 Pac. 971, where the rule is stated in the first headnote,
thus:

"All property bought with partnership funds is prima facie the
property of the firm, though the title is taken in the individual
name of one or more of the partners."

The law as it is there stated is amply supported by numer-
ous authorities, among which we refer to the follow-
ing: *Lane* v. *Tyler*, 49 Me. 252; *Willet* v. *Brown*, 65
Mo. 138, 27 Am. Rep. 265; *Johnson* v. *Rankin* (Tenn.
Ch. App.) 59 S. W. 638, and cases cited in support of the
foregoing decisions.

The other assignments relating to the admission and exclu-
sion of evidence, as well as those relating to the findings of
fact and conclusions of law, are clearly untenable.

We desire to add in conclusion that we are firmly convinced that upon the whole record the judgment of the district court is clearly right, and therefore should be, and accordingly is, affirmed, with costs.

WEBER, C. J., and GIDEON, THURMAN, and CHERRY, JJ., concur.