*337 OPINION.
Trussell:
The principal question involved in these appeals is whether or not certain improvements and additions to leased premises occupied by the partnership, Younger, Gifford & Cullum, of which the taxpayers were members, and certain machinery, appara *338 tus and equipment were partnership assets, all of the items mentioned having been purchased with partnership funds and used exclusively in the partnership business. If these items were partnership assets, they should be included in invested capital for the purpose of computing partnership excess-profits tax for 1917, and the partnership is entitled to a reasonable allowance for the exhaustion, wear and tear of the property for all years involved in this appeal.
As a general rule, property purchased with partnership funds is presumed to belong to the firm. This is held to be true even though the title has been made to one of the partners or all of the partners individually. See Rowley on the Modern Law of Partnership, vol. 1, section 276. In Hoxie v. Carr, Fed. Cas. No. 6802, the court said that, where payment is made out of partnership funds for property necessary for the ordinary operation of the partnership business and*' the property is actually sq employed, the presumption that it belongs to the partnership will be decisive in the absence of countervailing circumstances. See also Fairfield v. Phillips, 83 Iowa, 571; 49 N. W. 1025; In re Minor, 11 Fed. 406; Deming v. Moss, 40 Utah, 501; 121 Pac. 971; and In re Welch, 137 N. Y. S. 941, 943.
In the instant case it is admitted by the Commissioner that the property in question was bought by the partnership and paid for out of partnership funds. It is contended, however, that, inasmuch as the lease to the premises occupied by the partnership was acquired by Younger, renewed in his name, and never assigned to the partnership by him, the partnership was nothing more than a tenant from year to year and all of the property installed on the premises during any one year passed to Younger at the expiration of such year. The Commissioner stresses the fact that the amounts expended for the property in question were charged off on the partnership books as expenses; also the fact that the property appeared item for item as the property of the J. P. Younger estate on the list filed with the probate court and did not appear on the list of partnership assets.
With these contentions we are unable to agree. The facts do not support such a conclusion. The lease to the premises of the Garden Prairie Creamery Co. was acquired by Younger immediately after the agreement was reached with reference to the formation of the partnership. The premises were never occupied by Younger as an individual, but were occupied continuously by the partnership, which assumed and paid the rent direct to the lessor. It thus appears that the lease was acquired for the use and benefit of the partnership, and, having assumed the burdens incident to the occupancy of the premises, it was entitled to any benefits accruing under the lease. .
*339 In view of the provision in the lease which permitted the lessee to remove improvements made by such lessee during the term of the lease, or to be reimbursed therefor by the lessor upon termination of the lease, the partnership not only retained title to such improvements during the term of the lease, but had* the right to remove them or be reimbursed therefor at the expiration of the term. Appeal of Frank G. Shattuck Co., 2 B. T. A. 7.
With reference to the machinery, apparatus and equipment, there can be no question. It was purchased by the ’ partnership, with partnership funds, for use in the partnership business and, being removable property, it was not in any way affected by the lease or the nature of the tenancy.
The mere fact that the amounts expended for the property in question were charged off on the partnership books as ordinary business expenses, does not make them any the less capital expenditures. The true nature of a transaction can not be changed by a mere bookkeeping entry. The' same may be said with reference to the treatment of the property on the list filed in probate court.
In determining the partnership profits and the distributive shares of the taxpayers, the cost of the assets involved in these appeals, less depreciation to December 31, 1916, should be included in partnership invested capital for the purpose of computing excess-profits taxes for the year 1917, and reasonable allowance should be made for all years for the exhaustion, wear and tear of these properties.
In the appeal of Louis W. Cullum there is an additional question as to whether or not certain amounts claimed as losses and bad debts are properly deductible from income. With reference to these items the taxpayer has not adduced sufficient evidence to justify the Board in ruling that they are allowable deductions within the meaning of the law.