## ANDERSON et al. v. JOHNSON et al.

No. 7712.   Decided January 21, 1952.   (239 P. 2d 1073.)

See 70 C. J., Witnesses, sec. 305. Deceased, testifying as to transactions with. 48 Am. Jur., Witnesses, secs. 214 et seq.; 41 A. L. R. 104.

*George D. Preston* and *Melvin C. Harris,* Logan, for appellants.

*LeRoy B. Young* and *Thatcher & Young,* Ogden, for respondents.

WADE, Justice.

George N. Anderson and wife, Imogene T. Anderson, Lorenzo W. Anderson and wife, Hazel Anderson, plaintiffs below and appellants here, brought this suit against Marie

T. Johnson and Chester N. Johnson, respondents here, to quiet title to certain tracts of land which they alleged had been conveyed to them as joint tenants in deeds executed and delivered by Lorenzo W. Anderson, Sr. George, Lorenzo W., Jr., and Marie are brothers and sister and the only heirs-at-law of Lorenzo W. Anderson, Sr. The complaint alleged that in 1943 Lorenzo W. Anderson, Sr., desiring to avoid probate, divided all of his property by executing two sets of deeds to each of his heirs and the spouse of such heir as joint tenants, one set conveying separate parcels of land and the other conveying a one-third interest to each couple of a parcel of land known as the Promontory farm. The complaint further alleged that these deeds were irrevocably delivered to Marie T. Johnson and were subject only to Lorenzo W. Anderson, Sr.,'s right to occupy, collect the rents and enjoy the use of all this property during his lifetime, should he so desire. That Marie T. Johnson wrongfully destroyed or concealed these deeds, and caused her father to execute other deeds in February 1949, at a time when he was seriously ill and did not understand the effects of his business transactions. In these instruments, he purportedly deeded to Lorenzo W. Anderson, Jr. and his wife the tract of land heretofore deeded to them in 1943 and to Marie and her husband, Chester N. Johnson, the land heretofore deeded to them in 1943, plus all the land known as the Promontory farm, which is the same farm he had deeded an undivided one-third interest in to each of his children and their spouses in 1943. Marie recorded her 1949 deed a day before her father passed away in June, 1949, and failed to inform her brothers of any of the deeds executed in 1949 until after the funeral of her father. In 1946, Lorenzo W. Anderson, Sr. deeded to George and his wife, after they had taken possession thereof, the separate property deed to them in 1943. Marie claimed that the 1949 deeds were valid and the jury found in accordance with her claim.

At the trial of the case, the plaintiffs called the defendant Marie T. Johnson as an adverse witness but the court refused to allow her or any of the plaintiffs to testify to any conversations which were equally within the knowledge of such witness and the deceased on the ground that these conversations were prohibited under the provisions of Section 104-49-2, subsection 3, U. C. A. 1943, the so-called dead man's statute, which reads:

"The following persons cannot be witnesses:

"(3) A party to any civil action, suit or proceeding, and any person directly interested in the event thereof, and any person from, through or under whom such party or interested person derives his interest or title or any part thereof, when the adverse party in such action, suit or proceeding claims or opposes, sues or defends, as * * * heir * * * of any deceased person, * * * as to any statement by, or transaction with, such deceased, * * * or matter of fact whatever, which must have been equally within the knowledge of both the witness and such * * * deceased person, unless such witness is called to testify thereto by such adverse party so claiming or opposing, suing or defending, in such action, suit or proceeding."

In applying the provisions of the above statute, the court took the view that Marie T. Johnson, one of the respondents, was defending as an heir. If Marie were defending as an heir, she would have been defending for the benefit of the estate of the deceased. However, this she clearly was not doing. She claimed that property as a grantee and not for the benefit of the estate. If her claims were correct, the deceased left no estate because it is conceded that if the deeds were valid they conveyed all the property the deceased owned. In asserting the validity of the 1949 deeds, she was in the same position as the widow of the deceased in *Staats* v. *Staats,* 63 Utah 470, 226 P. 677, who had been appointed administratrix with the will annexed of decedent's property, who apparently was not appearing as administratrix but who elected to take her one-third interest in decedent's real property rather than under the will. In that case, this court held that in a suit by one of decedent's

sons to establish a partnership interest in decedent's property that the defendant widow was not claiming as an heir but was claiming in her own right since she elected to take her statutory one-third interest and therefore the provisions of the dead man's statute did not apply and the other heirs of decedent were competent witnesses. In the instant case, it is much more clear that Marie was defending in her own right than it is in the *Staats* case where, as it is pointed out by Mr. Chief Justice Wolfe in his concurring opinion in *Maxfield et al.* v. *Sainsbury et al.*, 110 Utah 280, 172 P. 2d 122, 131, that the widow in that case was at least acting within "the framework of the estate" and trying to protect assets of the estate even though she was also claiming in her own right, whereas Marie here is claiming that her father made valid deeds during his lifetime which disposed of all his estate and the plaintiffs also are not claiming through his estate but claim that their father disposed of his estate by other deeds. Neither side is claiming on behalf of his estate, they all claim that there is no estate. An estate will result only if the claims of both contesting sides are rejected.

Since Marie was defending in her own right, the court erred in applying the provisions of Sec. 104-49-2, subsection 3, U. C. A. 1943, and even though a great deal of evidence as to the transactions involved and the surrounding circumstances did get to the jury, still such error was prejudicial because it unreasonably hampered plaintiffs in proving their case, because when Marie was being examined she took refuge under the court's ruling when she did not wish to divulge some matter but if the question gave her an opportunity to answer favorably to her claims, she did so.

Reversed with instructions to grant a new trial. Costs to appellants.

WOLFE, C. J., and McDONOUGH, CROCKETT and HENRIOD, JJ., concur.